UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flourish OLUWADARE,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>　　　　　　　Respondents. | Case No.:  25-cv-3782-AGS-KSC<br><br>**ORDER REQUIRING RETURN** |

　　　Pro se petitioner Flourish Oluwadare seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　In December 2024, Oluwadare, "a citizen of Nigeria and South Africa," entered the United States and has been in immigration detention ever since. (ECF 1-2, at 2.) On "June 24, 2025," an immigration judge granted his "application for Withholding of Removal to Nigeria." (*Id.* at 2–3.) Because immigration judges often enter a final order of removal while simultaneously granting a request for withholding of removal to a particular country, this suggests that respondents have held Oluwadare in post-final-removal-order custody for longer than both the 90-day standard removal period and the six-month presumptively reasonable period. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (recognizing "six months" as a

"presumptively reasonable period" for post-removal-order detention). So, he asserts, his "removal from the United States is not reasonably foreseeable," and he should be released. (ECF 1-2, at 3.)

There is one complicating factor: Although Oluwadare was granted withholding of removal from Nigeria, an immigration judge still apparently "ordered" him "removed to South Africa." (ECF 1-2, at 3.) That removal order's posture is unclear.

Nonetheless, because it appears that Oluwadare has been in immigration detention for over six months, his petition has "potential merit" and suffices to warrant an answer. *See Neiss*, 114 F.4th at 1045. By **January 13, 2026**, respondents must answer the petition. Any reply by petitioner must be filed by **January 20, 2026**.

Dated:  January 6, 2026

Hon. Andrew G. Schopler
United States District Judge